Filed 1/14/15  P. v. Gonzales CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>FRANK DANIEL GONZALES,<br><br>  Defendant and Appellant. |   H040946<br>  (Monterey County<br>   Super. Ct. Nos. SS121615A,<br>                 SS122350A) |

Defendant Frank Daniel Gonzales pleaded no contest to transportation of heroin (Health & Saf. Code, § 11352, subd. (a)),[1] transportation of methamphetamine (§ 11379, subd. (a)), and forgery (Pen. Code, § 470, subd. (d)).  He also admitted a prior prison term (*id*., § 667.5, subd. (b)) and to violating his probation in a prior case.  The trial court sentenced Gonzales to six years in Monterey County jail as called for by his negotiated plea agreement.

Gonzales's counsel has filed an opening brief in which no issues are raised and asks this court for an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436.  We notified Gonzales of his right to submit a written argument on his own behalf, but he has not done so.

Pursuant to *Wende*, we reviewed the entire record and have concluded that there are no arguable issues on appeal.  As required by *People v. Kelly* (2006) 40 Cal.4th 106, 110, we will provide "a brief description of the facts and procedural history of the case, the crimes of which defendant was convicted, and the punishment imposed."  We will

---

[1] Further unspecified statutory references are to the Health and Safety Code.

further include information about aspects of the trial court proceedings that might become relevant in future proceedings. (*Id.* at p. 112.)

## I. BACKGROUND

### A. *Factual Background*[2]

After 10:00 p.m. on December 9, 2012, Salinas police officers approached a vehicle parked at a shopping center. The driver, who was later determined to be Gonzales, identified himself to the officers as Miguel Solis from Arizona. Officers asked Gonzales to exit the vehicle, turn around, and place his hands on the car. After exiting the vehicle, Gonzales attempted to put his hand in his pocket. Fearing Gonzales was reaching for a weapon, the officer used a taser on him. Gonzales fell to the ground, then got up and began to run. Officers observed Gonzales emptying a plastic baggie containing clear crystalline chunks and throwing money as he fled. Eventually, Gonzales fell and surrendered to the officers. Police located some of the crystalline chunks dropped by Gonzales, which were later determined to be 2.6 grams of methamphetamine.

During a search of Gonzales's vehicle, officers found a glass pipe with white residue, a plastic baggie containing methamphetamine, and a plastic bag containing a black tar-like substance that tested presumptive positive for heroin. Two laptops, an external hard drive, and a white square attachment for cell phones to accept credit cards also were found in the vehicle. On the computers, police found programs for manufacturing and making checks, checks with different people's names on them, and checks that had the names removed.

Gonzales waived his *Miranda*[3] rights and told officers the drugs and other property in the car belonged to him.

---

[2] Our summary of the facts is based on the probation officer's report.

[3] *Miranda v. Arizona* (1966) 384 U.S. 436.

## B. *Procedural Background*

Gonzales was charged in connection with his December 9, 2012 arrest in case No. SS122350A on December 11, 2012. The complaint charged him with possession of heroin (§ 11350, subd. (a)), possession of methamphetamine (§ 11377, subd. (a)), forgery (Pen. Code, § 470, subd. (d)), identity theft (*id*., § 530.5, subd. (a)), resisting a police officer (*id*., § 148, subd. (a)(1)), and giving false information to a police officer (*id*., § 148.9, subd. (a)). He also was alleged to have served a number of prior prison terms for purposes of Penal Code section 667.5, subdivision (b). An amended complaint, filed on April 10, 2013, charged Gonzales with two additional counts: transportation of heroin (§ 11352, subd. (a)) and transportation of methamphetamine (§ 11379, subd. (a)).

At the time of Gonzales's December 9, 2012 arrest, he was on probation in case No. SS121615A. In that case, Gonzales had pleaded no contest to possession of heroin (§ 11350, subd. (a)) and possession of methamphetamine (§ 11377, subd. (a)) on October 29, 2012 and been placed on probation. A petition to revoke or modify Gonzales's probation in case No. SS121615A alleged he had violated certain conditions of that probation in connection with the December 9, 2012 incident. Gonzales admitted the probation violation.

Gonzales reached a negotiated plea agreement with the People in case No. SS122350A. On May 3, 2013, Gonzales pleaded no contest to transportation of heroin (§ 11352, subd. (a), count 1), transportation of methamphetamine (§ 11379, subd. (a), count 3), and forgery (Pen. Code, § 470, subd. (d), count 5) and admitted the prior prison term allegation (*id*., § 667.5, subd. (b)). Gonzales entered the plea on the condition that he receive a six-year sentence pursuant to Penal Code section 1170, subdivision (h), "concurrent with [case No.] SS121615A."

Gonzales was sentenced in both cases on June 5, 2013. In case No. SS122350A, he was sentenced to the middle term of four years on count 1, to be served in the Monterey County jail; one-third the middle term of three years on count 3, to be served consecutively; and the middle term of two years on count 5, to be served concurrently.

3

He also was sentenced to a one-year enhancement on count 1 pursuant to Penal Code section 667.5, subdivision (b), for a total term of six years in the Monterey County jail. In case No. SS121615A, his probation was revoked and terminated; he was sentenced to the middle term of two years on count 1, to be served in the Monterey County jail; and he was sentenced to the middle term of two years on count 3, to be served concurrently. The court ordered that the sentence in case No. SS121615A be served concurrently with the sentence in case No. SS122350A.

Gonzales failed to timely appeal. This court granted him relief from default and permitted him to file a notice of appeal on June 11, 2014.

II.    DISCUSSION

Having examined the entire record, we conclude that there are no arguable issues on appeal.

III.    DISPOSITION

The judgment is affirmed.

4

_____
Premo, J.

WE CONCUR:


_____
Rushing, P.J.



_____
Elia, J.